**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                  No. 00-4040

WILBERT EMMETT WILKINS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-99-245)

Submitted: August 18, 2000

Decided: September 19, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON &
BOTZIN, P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Mia Levine, Special Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wilbert Emmett Wilkins appeals the district court's denial of his motions to suppress. The first motion sought the suppression of a statement made and a loaded handgun found during a traffic stop of Wilkins' vehicle. The second motion sought the suppression of a third party's identification of Wilkins. We affirm.

We review the factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Wilkins first challenges the district court's order denying his motion to suppress a statement made during a traffic stop. During a pat down search the arresting officer discovered a state identification card that bore a picture of Wilkins but had a name different than the one Wilkins originally gave. The police officer asked Wilkins whether he was the individual pictured on the identification card, to which he stated "yes." Wilkins now argues that the statement should be suppressed because he made it while in custody but before being read the Miranda* warnings.

Before the prosecution may use statements stemming from custodial interrogation of a defendant, it must demonstrate that the defendant was informed of certain rights. See Miranda , 384 U.S. at 444. While Wilkins correctly points out that he was in custody and had not yet received Miranda's mandated warnings, we find that inquiry regarding Wilkins' identity did not constitute an interrogation for Miranda's purposes. See United States v. Taylor, 799 F.2d 126, 128 (4th Cir. 1986). Rather, the officer was performing a ministerial duty incident to arrest and custody. See id. Thus, we find the district court's refusal to suppress Wilkins' statement proper.

_____

*Miranda v. Arizona, 384 U.S. 436, 444 (1966).

2

Wilkins next contends that the district court should have suppressed a loaded handgun discovered during a search of the vehicle. The Fourth Amendment prohibits unreasonable searches and seizures, and searches conducted without a warrant are per se unreasonable unless a valid exception to the warrant requirement applies. See United States v. Elie, 111 F.3d 1135, 1144 (4th Cir. 1997). An inventory search is one such exception. See Colorado v. Bertine, 479 U.S. 367, 371 (1987). For an inventory search of a vehicle to be valid: (1) the vehicle must be in lawful custody of the police; (2) the inventory search must be routine and conducted pursuant to standard police procedures; and (3) the purpose of the inventory search must be to secure the car or its contents and not to gather incriminating evidence. See United States v. Brown, 787 F.2d 929, 931-32 (4th Cir. 1986).

On appeal, Wilkins argues that the police did not have lawful custody of the vehicle because there was no basis to arrest him. We disagree. Virginia law authorizes police officers to arrest and to promptly present before a magistrate judge an individual they believe will likely disregard a traffic summons. See Va. Code Ann. §§ 46.2-104, -936, -940 (Michie 1998 & Supp. 1999). Despite Wilkins' conclusory claims to the contrary, the police officer's belief that Wilkins might disregard a summons was reasonable given Wilkins' initial failure to be truthful about his identity. Furthermore, because Wilkins was the only occupant of the car and because the vehicle posed a potential hazard along the freeway, the police officer's decision to impound the vehicle was reasonable. See Brown , 787 F.2d at 932. Thus, we find that the vehicle was lawfully in police custody. Because Wilkins does not challenge the other two requisites needed to establish a valid inventory search, we find that the district court properly denied Wilkins' motion to suppress the discovery of the loaded handgun.

Finally, Wilkins challenges the district court's ruling not to suppress an identification of him. In order for identification testimony to be suppressed, the identification procedure must be impermissibly suggestive and the identification itself must be unreliable under the totality of the circumstances. See United States v. Johnson, 114 F.3d 435, 441 (4th Cir. 1997).

Wilkins' complaint is that an individual shown a single photograph of Wilkins alone confirmed that the man in the photo was the individ-

3

ual to whom he had sold a particular vehicle. Even assuming, without deciding, that showing a single photograph is impermissibly suggestive, <u>see id.</u> at 442, the identification at issue here was reliable. The third party's identification of Wilkins was based on seeing Wilkins in the neighborhood, selling Wilkins a vehicle, and then later seeing Wilkins driving the vehicle. Because the third party knew Wilkins, we find the chance of misidentification to be virtually non-existent. <u>See United States v. Burgos</u>, 55 F.3d 933, 942 (4th Cir. 1995). Thus, the district court properly denied Wilkins' second motion to suppress.

Accordingly, we affirm the district court's denial of the motions to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4